IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:92-02 |
| | ) CRIMINAL NO. 3:04-01 |
| GEORGE WALLS, | ) |
| | ) JUDGE GIBSON |
| Defendant. | ) |

# MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant's Motion to Dismiss August 30, 2006 Petition for Revocation of Supervised Release with Citation of Authority (Document No. 26 at Criminal No. 3:04-1; Document No. 61 at Criminal No. 3:92-2). For the reasons stated herein, the Court will deny the motion.

The Defendant moves to dismiss the third of three petitions for revocation of his supervised release based upon the argument that the Defendant had completed his term of supervised release at the time of the alleged violation, January 20, 2006. The third petition for revocation of supervised release specifically alleges that the Defendant failed to report to the United States Probation Office for this district the fact that he had been arrested for and convicted of Identity Theft and Access Device Fraud January 20, 2006 and August 22, 2006 respectively. Criminal No. 3:04-1, Document No. 22. The Defendant argues that his three year term of supervised release which began on December 12, 2001 expired on December 12, 2004, and that any time that he was incarcerated between those dates did not

cause his term of supervised release to be tolled, but that such time, in accordance with the opinion found in *United States v. Morales-Alejo*, 193 F.3d 1102, (9th Cir. 1999) was "pretrial detention" and thus did not toll the Defendant's term of supervised release. Defendant's Motion, ¶ ¶ 1-5. The Government disagrees and concludes that based upon its understanding of the timeline of events that the term of supervised release was still active on January 20, 2006 when the third violation is alleged to have occurred. *See* Government's Response (Document No. 32) pp. 6-11.

The Court agrees with the Government that the Court of Appeals for the Third Circuit has not addressed the issue of *Morales-Alejo* concerning the tolling of a term of supervised release when the releasee has been arrested and convicted on state charges, or under circumstances where a defendant has had his federal parole revoked, has been given credit for a period of pretrial detention on state criminal charges that resulted in conviction and the other factual scenarios that are present in the case *sub judice*. However, assuming *arguendo* that the Court of Appeals for the Third Circuit would adopt the principals enunciated in *Morales-Alejo*, the Court conducts the following analysis and concludes that the Defendant's motion must nevertheless be denied.

The controlling statute for the present issue is found at 18 U.S.C. § 3624(e) which reads:

**(e) Supervision after release.**--A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. No prisoner shall be released on supervision unless

2

such prisoner agrees to adhere to an installment schedule, not to exceed two years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner.

In *Morales-Alejo*, the Court of Appeals for the Ninth Circuit concluded that time served by a defendant in pretrial detention, including pretrial detention that is eventually credited toward a later-imposed sentence, should not be used as time to toll the defendant's period of supervised release. *Morales-Alejo* at 1105-1106. The exclusion of time for which credit was given for a later-imposed sentence was found by the Court of Appeals not to be within the statutory language and even "impractical" as the calculation of "time-served" usually occurs after sentencing and is conducted by the Bureau of Prisons or where a defendant moves to withdraw his guilty plea prior to sentencing. *Id.* After considering the parties' memoranda in the case *sub judice*, the Court makes the following findings:

1. December 12, 2001: The Defendant's three year term of supervised release began.

2. September 11, 2002: The Defendant was arrested in relation to various state charges for sexual assault (hereinafter "state sexual assault charges").[1]

3. September 19, 2002: The U.S. Parole Commission lodged a detainer against the Defendant for the term of imprisonment imposed at Criminal No. 89-12.[2]

4. July 9, 2003: The Defendant was released on bond from his state sexual assault charges; the federal parole detainer caused the Defendant to remain in custody in relation to his sentence at Criminal No. 89-12.

5. September 15, 2003: The Defendant is convicted of some, but not all of the state sexual assault

---

[1] These charges are found at Court of Common Pleas of Allegheny County, Pennsylvania docket number CC200214218.

[2] Although the circumstances of this conviction are not available to the Court through the record at this time, it is clear that the conviction at Criminal No. 89-12 resulted in the eventual release of the Defendant on parole and the parties agree that a parole detainer was lodged against the Defendant in relation to the conviction at Criminal No. 89-12, although the period in which this detainer was active is not agreed to by the parties. *See* note 4, *infra*.

3

charges and the Defendant's state bond is revoked.[3]

6. November 7, 2003: The United States Parole Commission removed its detainer on the Defendant.[4]

7. December 8, 2003: A petition to revoke the Defendant's supervised release was filed based upon the conviction for the state sexual assault charges and a federal detainer was placed on the Defendant.

8. June 18, 2004: By order of the state trial court judge, the Defendant was granted a new trial because a fair trial was not conducted in light of the Defendant's hearing impairment.

9. June 29, 2004: The Commonwealth of Pennsylvania appealed the order granting the new trial to the Defendant.

10. August 23, 2004: Bond was granted to the Defendant pending his appeal; Defendant remains in federal custody based upon the detainer from December 8, 2003.

11. September 7, 2004: Magistrate Judge Pesto orders conditional release of Defendant on bond with Defendant to be electronically monitored.

12. October 4, 2004: A second petition to revoke supervised release filed based upon the Defendant's failure to report to the probation officer his arrest of September 23, 2002 on charges of theft by deception and forgery but the charges were withdrawn after payment of restitution; the documentation of this arrest indicates that this arrest date was actually July 23, 2002.

13. November 3, 2005: Pennsylvania Superior Court reverses trial court's order granting a new trial.

14. December 27, 2005: Defendant's bond for his state conviction for sexual assault charges is revoked because of the Pennsylvania Superior Court's ruling.

---

[3]The Defendant was convicted of indecent assault without the consent of others, in violation of 18 Pa.C.S.A. § 3126(a)(1) and sexual assault in violation of 18 Pa.C.S.A. § 3124.1.

[4]In the Defendant's Motion, it is alleged that the federal parole detainer was not "lifted" until August 26, 2004. Defendant's Motion, p. 2. The Court will use the earlier date of November 7, 2003 in order to approach the computation more conservatively and give the Defendant the benefit of the disagreement among counsel despite the fact that it may be an incorrect date.

4

15. January 20, 2006: While in custody for his conviction for the sexual assault charges, the Defendant is arrested on two charges of access device fraud and two charges of identity theft based upon conduct occurring in December 2005.[5]

16. August 2, 2006: Defendant sentenced to a term of five to ten years by state trial court for conviction on state sexual assault charges; sentence was made effective as of December 27, 2005 and credit for time served was given for September 11, 2002 through July 9, 2003.

17. August 2, 2006: Defendant pleads guilty to access device fraud and identity theft charges and is sentenced to term of imprisonment for a term of nine to eighteen months.

18. August 30, 2006: A third petition for revocation of supervised release based upon the arrest of January 20, 2006 and the subsequent conviction in connection with the access device fraud and identity theft charges that were allegedly committed in December 2005.

Using this timeline of events, the Court finds three periods of custody in which the Defendant was imprisoned in relation to a conviction. The first period is when the detainer from United States Parole Commission became effective on July 9, 2003 and was active until September 15, 2003 when the Defendant's state bond was revoked. This period consisted of a total of 68 days (July 9, 2003 through September 14, 2003). During the subsequent period of September 15, 2003 through November 7, 2003 the Defendant was in custody on both the state conviction and the federal parole detainer, but after the detainer was lifted on November 7, 2003, the Defendant remained incarcerated pursuant to his state court conviction until August 23, 2004, when state bond was ordered pending the Defendant's appeal. This period of time (September 15, 2003 through August 22, 2004) amounted to 343 days. These two periods of time, 68 days and 343 days were periods of incarceration pursuant to a sentence, *i.e.*, the violation of federal parole under an active federal sentence and incarceration subsequent to a state conviction awaiting sentencing. These two periods total 411 days and pursuant to 18 U.S.C. §

---

[5]Although the exact date is not set forth in the Government's petition, it is clear that the December 2005 offense could not have occurred after December 27, 2005 when his bond was revoked on his state sexual assault charges.

3624(e) this time is tolled for purposes of the Defendant's term of supervised release resulting in a change in the end date of that term from December 11, 2004 to January 26, 2006. This extension of the Defendant's term of supervised release was effective as of August 23, 2004, the completion of the 411 days of tolling.

A third period of tolling began with the revocation of the Defendant's state bond granted during the pendency of his appeal of his conviction on state sexual assault charges. This bond was revoked on December 27, 2005 after the Pennsylvania Superior Court reversed the decision to grant the Defendant a new trial on his state sexual assault charges. Thus, the Defendant was being held in relation to his state sexual assault charge conviction as of December 27, 2005. The Defendant had 31 days left on his term of supervised release at the time his state bond was revoked. On August 2, 2006, the Defendant was then sentenced on his state sexual assault charges with the sentence being effective as of December 27, 2005. Clearly, the December 27, 2005 revocation of the Defendant's bond pending appeal started a new period of tolling even without the Defendant being sentenced because this time was not a period of pretrial detention as the Defendant was already convicted, but was a period of "imprisonment in connection with a conviction for a ...State...crime...." 18 U.S.C. § 3624(e). This basis is sufficient to toll the running of the term of supervised release from the period of December 27, 2005 until August 2, 2006. However, even if the Court assumes *arguendo* that the *Morales-Alejo* decision was followed in this circuit, the retroactivity of the August 2, 2006 sentence to the date of December 27, 2005 could not be used as a basis for tolling as it appears to be giving credit for time already served.

Finally, with regard to the period from August 2, 2006 forward until the completion of the

remainder of the sentence for state sexual assault charges, this period of time is currently tolling the completion of the Defendant's remaining term of supervised release, *i.e.* the remaining 31days. Considering the retroactivity of the sentence for the state sexual assault charges from August 2, 2006 back until December 27, 2005 and the credit for time served for approximately ten months from September 19, 2002 until July 9, 2003, a total of over approximately 17 months will be credited toward the Defendant's state sexual assault sentence of five to ten years. When the Defendant is released on state parole or released completely from state custody after service of his terms of imprisonment on his state sexual assault sentence and his access device sentence, the Defendant's 31 days of remaining term of supervised release will begin again after being tolled for the fact of the Defendant's current placement in Pennsylvania state custody.[6]

Despite having concluded that the filing of the third petition for revocation of supervised release is timely, the Court finds it necessary to analyze why two separate periods of time did not toll the Defendant's term of supervised release.

First, the period of time the Defendant was in custody from August 23, 2004 until September 7, 2004, when he was granted bond by Magistrate Judge Pesto and ordered to be electronically monitored, was pursuant to a federal detainer for a violation of his terms of supervised release and not pursuant to a conviction. This time will not be tolled as it is detention related to a violation of a supervised release condition. In light of the fact that a violation of a condition of a term of supervised release could result in the re-sentencing of a defendant, the Court is reluctant to conclude, as argued by

---

[6]It is unclear from the record before the Court if these two sentences are being served concurrently or consecutively.

7

the Government, that the time of imprisonment served pursuant to the entry of a detainer for an alleged violation of a term of supervised release equates to time of imprisonment in connection with the underlying conviction which resulted in the original term of supervised release. The time served pursuant to such detainer would clearly not amount to any time served if the alleged violation of a term of supervised release was found by a court not to have occurred. In such an instance, the original term of supervised release would continue unabated and in this Court's opinion the time served pursuant to the detainer for the unproven violation would equate to a kind of pre-trial detention that would not result in the tolling of the term of supervised release. However, should a violation be proven, the term of supervised release be revoked, and a defendant re-sentenced, the time served by a defendant prior to the revocation pursuant to a detainer would be classified according to the terms of the court's order re-sentencing the offending defendant.

The second period of time that will not toll the Defendant's term of supervised release is time the Defendant served pursuant to pre-trial detention that was later credited toward the term of imprisonment imposed at his sentencing. The Defendant was given credit for time served for the period of time from September 11, 2002 through July 9, 2003 on his sentence for the state sexual assault charges.[7] In accordance with *Morales-Alejo, supra*, this pretrial detention time would not be considered tolled for purposes of extending the Defendant's term of supervised release. The Court agrees with this conclusion after consideration of the explicit language of 18 U.S.C. § 3624(e) and therefore, contrary to the Government's argument in its Response, a term of supervised release is not tolled when a

---

[7] The Government outlines this time period as "September 11, 2005 to July 9, 2005" in its Response, but it is clear from the remainder of the response that it was intended to be "September 11, 2002 to July 9, 2003." Government's Response, p. 5.

8

defendant is detained pursuant to a "pre-trial detention order" merely because of the fact that the defendant is not being supervised by the United States Probation Office. *See* Government's Response, p. 11.

Therefore, based upon the foregoing analysis, the Court concludes that the filing of the third petition for revocation of supervised release was timely, was not filed beyond the completion of the Defendant's term of supervised release and the Defendant's actions which were the bases of the third petition (access device charges) also occurred prior to the expiration of the Defendant's term of supervised release. Therefore, the Court possesses jurisdiction over the Defendant to consider the third petition for revocation of the Defendant's term of supervised release dated August 30, 2006 at Criminal Number 3:04-1, Document Number 22. The Defendant's motion is therefore denied.

An appropriate Order follows.

AND NOW, this 19th day of October 2006, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's Motion to Dismiss (Document No. 26 at Criminal No. 3:04-1; Document No. 61 at Criminal No. 3:92-2) is DENIED.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**