IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:1992-02 |
| ) | CRIMINAL NO. 3:2004-01 |
| GEORGE WALLS, ) | |
| ) | JUDGE GIBSON |
| Defendant. ) | |

# MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant's Motion to Reconsider Denial of Motion to Dismiss August 30, 2006 Petition for Revocation of Supervised Release with Citation of Authority (Document No. 36). The Defendant contends that the calculation made by the Court as to the periods of tolling made in the Memorandum Opinion and Order of Court dated October 19, 2006 (Document No. 35) was incorrect. The Defendant has attached four exhibits to his motion that were not attached to the original motion to dismiss. These exhibits clarify the dates previously offered by the Defendant and the Government in their previous briefings on the motion to dismiss. Based upon the entire record, including these four exhibits, the Court makes the following findings:

1.  December 12, 2001: The Defendant's three year term of supervised release began.

2.  September 11, 2002: The Defendant was arrested in relation to various state charges for sexual assault (hereinafter "state sexual assault charges").[1]

---

[1] These charges are found at Court of Common Pleas of Allegheny County, Pennsylvania docket number CC200214218.

3.  September 19, 2002: The U.S. Parole Commission issues a warrant for the Defendant and it is lodged as a detainer against the Defendant for the term of imprisonment imposed at Criminal No. 89-12.[2]

4.  July 9, 2003: The Defendant was released on bond from his state sexual assault charges; the federal parole detainer caused the Defendant to remain in custody in relation to his sentence at Criminal No. 89-12.

5.  July 14, 2003: The Federal Parole Commission warrant of September 19, 2002 which was lodged as a detainer is executed upon the Defendant and he is taken into federal custody.

6.  September 15, 2003: The Defendant is convicted of some, but not all of the state sexual assault charges and the Defendant's state bond is revoked.[3]

7.  November 7, 2003: The United States Parole Commission releases Defendant from custody of the warrant dated September 19, 2002 and the warrant again is lodged as a detainer on the Defendant.

8.  December 8, 2003: A petition to revoke the Defendant's supervised release was filed based upon the conviction for the state sexual assault charges and a federal detainer was placed on the Defendant.

9.  June 18, 2004: By order of the state trial court judge, the Defendant was granted a new trial because a fair trial was not conducted in light of the Defendant's hearing impairment.

10. June 29, 2004: The Commonwealth of Pennsylvania appealed the order granting the new trial to the Defendant.

11. August 23, 2004: Bond was granted to the Defendant pending his appeal; Defendant remains in federal custody based upon the detainer from December 8, 2003.

12. August 24-26, 2004: On August 24, 2004, the Federal Parole Commission warrant of September 19, 2002 is again executed on the Defendant, but thereafter voided on August 26, 2004 and the

---

[2] Although the circumstances of this conviction are not available to the Court through the record at this time, it is clear that the conviction at Criminal No. 89-12 resulted in the eventual release of the Defendant on parole and the parties agree that a parole detainer was lodged against the Defendant in relation to the conviction at Criminal No. 89-12, although the period in which this detainer was active is not agreed to by the parties. *See* note 4, *infra*.

[3] The Defendant was convicted of indecent assault without the consent of others, in violation of 18 Pa.C.S.A. § 3126(a)(1) and sexual assault in violation of 18 Pa.C.S.A. § 3124.1.

2

warrant is ordered returned to the U.S. Parole Commission.

13. September 7, 2004: Magistrate Judge Pesto orders conditional release of Defendant on bond with Defendant to be electronically monitored.

14. October 4, 2004: A second petition to revoke supervised release was filed based upon the Defendant's failure to report to the probation officer his arrest of September 23, 2002 on charges of theft by deception and forgery but the charges were withdrawn after payment of restitution; the documentation of this arrest indicates that this arrest date was actually July 23, 2002.

15. November 3, 2005: Pennsylvania Superior Court reverses the trial court's order granting a new trial.

16. December 27, 2005: Defendant's bond for his state conviction for sexual assault charges is revoked because of the Pennsylvania Superior Court's ruling.

17. January 20, 2006: While in custody for his conviction for the sexual assault charges, the Defendant is arrested on two charges of access device fraud and two charges of identity theft based upon conduct occurring in December 2005.[4]

18. August 2, 2006: Defendant was sentenced to a term of imprisonment of five to ten years by state trial court for conviction on state sexual assault charges; sentence was made effective as of December 27, 2005 and credit for time served was given for September 11, 2002 through July 9, 2003.

19. August 2, 2006: Defendant pleads guilty to access device fraud and identity theft charges and is sentenced to a term of imprisonment for a term of nine to eighteen months.

20. August 30, 2006: A third petition for revocation of supervised release was filed based upon the arrest of January 20, 2006 and the subsequent conviction in connection with the access device fraud and identity theft charges that were allegedly committed in December 2005.

The additions and changes in this opinion, at paragraphs three, five, seven and twelve, above, affect the Court's understanding of the tolling of the periods of the Defendant's supervision as follows:

The 290 days from November 7, 2003 through August 22, 2004 are tolled as the Defendant was in

---

[4]Although the exact date is not set forth in the Government's petition, it is clear that the December 2005 offense could not have occurred after December 27, 2005 when his bond was revoked on his state sexual assault charges.

custody pursuant to his state conviction.

The Court agrees with the Defendant that the period that the U.S. Parole Commission warrant became an active detainer on July 9, 2003 (Defendant was granted state bond on this date) until July 14, 2003, when the warrant was executed, through November 7, 2003, when the Defendant was released from custody of the warrant, caused the tolling of the Defendant's terms of supervised release because "[t]he releasee [was] awaiting sentencing on local charges and the local authorities [would] not relinquish custody." Defendant's Motion, Exhibit 2. Starting from July 9, the date the warrant became active *as a detainer* until July 14, the date the warrant was executed, until November 7, when the Defendant was released from the custody of the warrant, such time in custody is not pursuant to a revocation of parole. Exhibits 1 and 2 of the Defendant's Motion for Reconsideration make this clear. Therefore, the only matter that kept the Defendant in custody as of November 7, 2003 was the failure to post bond on the state sexual assault charges. Bond was revoked on said charges based upon the Defendant's conviction of September 15, 2003. However, the federal warrant of September 19, 2002 had placed the Defendant in federal custody as of July 14, 2003 until released therefrom on November 7, 2003. Thereafter the Defendant was held pursuant to a revocation of state bond based upon the Defendant's state conviction. The number of days from November 7, 2003 through August 22, 2004 amounts to 290 days.[5]

The Court further agrees with the Defendant that the period of 68 days from July 9, 2003 through September 14, 2003 are not tolled in the calculation of the Defendant's period of supervised

---

[5]The year 2004 was a leap year–29 days are counted in February 2004.

4

release as it has been established through the Exhibits of Defendant's Motion for Reconsideration that his federal parole was never revoked. Therefore, the time served pursuant to the U.S. Parole Commission warrant as a detainer and then as an executed warrant, was not pursuant to a conviction. The Court will not count dates for which the Defendant is not on the street, but is in custody for an incident which may lead to the revocation of parole or supervised release. Such time spent in custody is not pursuant to a conviction as parole or supervised release may not be revoked until after the appropriate hearings are conducted and evidence is presented. 18 U.S.C. § 3624(e), as cited in the Court's previous opinion, does not explicitly address this situation. However, it explicitly indicates that "a term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). This statute provides no further explicit exclusions for the "run[ning]" of a term of supervised release. Therefore, the Court concludes that any time that the Defendant was not being supervised under a term of supervised release because he was in custody pursuant to the federal parole detainer and warrant, is time that must still be considered as a part of the term of supervised release. This conclusion also applies to any periods of time the Defendant was in custody pursuant to a detainer and warrant issued pursuant to a petition to revoke supervised release. The Court previously reached that conclusion in the Memorandum Opinion and Order dated October 19, 2006. *See* Document No. 35, pp. 7-8.

These findings and analysis change the calculation of the tolling performed by the Court previously. The resulting calculation finds the time tolled to be from November 7, 2003 through August 22, 2004, which causes the end date of the Defendant's term of supervised release to be moved from

December 11, 2004 to September 27, 2005, 290 days after his originally scheduled termination date for his term of supervised release. The conduct alleged in the second supplemental petition to revoke supervised release has been revealed to the Court as conduct occurring in December 2005[6], without a specific date. Assuming this date was December 1, 2005, (the earliest date possible in December 2005) the period of the Defendant's supervised release ceased on September 27, 2005, well before the alleged conduct. Thus, the second supplemental petition for revocation of supervised release must be dismissed as that petition concerned conduct outside of the period of the Defendant's supervised release.

**AND NOW**, this 11th day of December, 2006, in consideration of the Defendant's Motion to Reconsider Denial of Motion to Dismiss August 30, 2006 Petition for Revocation of Supervised Release with Citation of Authority (Document No. 36), IT IS HEREBY ORDERED THAT the Motion is GRANTED and IT IS FURTHER ORDERED that the Supplemental Petition to Revoke Supervised Release (Document No. 22) is hereby DISMISSED and the Order of Court dated August 31, 2006 (Document No. 23) is hereby VACATED.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT COURT**

---

[6]The United States Probation Office provided to the Court a copy of the criminal complaint filed on January 20, 2006 by the Mount Lebanon Police Department charging the Defendant with Identity Theft and Access Device Fraud, which allegedly occurred in "DECEMBER 2005".