IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:1992-02 |
| | ) | CRIMINAL NO. 3:2004-01 |
| GEORGE WALLS, | ) | |
| | ) | JUDGE GIBSON |
| Defendant. | ) | |

## Memorandum Opinion and Order of Court

**GIBSON, J.**

This matter comes before the Court on two petitions to revoke the Defendant's terms of supervised release at Criminal Action Numbers 3:1992-02 and 3:2004-01.[1] The first petition, dated November 25, 2003, alleges a violation of the condition of supervised release that "[t]he defendant shall not commit another federal, state or local crime" in that the defendant committed the crimes of sexual assault[2] and indecent assault[3] on September 9, 2002 in violation of Pennsylvania law and was convicted of those offenses on September 16, 2003. Document No. 2, Cr.A. No. 3:2004-1. The second petition, dated September 8, 2004, alleges a violation of the same condition set forth in the first petition as well as a second condition that "[t]he defendant shall notify the Probation Office within 72 hours of being arrested or questioned by a law enforcement office[r]", with both allegations based upon the

---

[1] The matter at Criminal Action Number 3:2004-1 was originally a criminal action initiated in the United States District Court for the Northern District of New York at Criminal Action Number 3:1993-424. Jurisdiction of 3:2004-01 was transferred to and accepted by this Court pursuant to an order transferring jurisdiction by Judge Thomas J. McAvoy of the Northern District of New York in accordance with 18 U.S.C. § 3605.

[2] 18 Pa.C.S.A. § 3124.1.

[3] 18 Pa.C.S.A. § 3126.

Defendant's commission of Theft by Deception[4] and Forgery[5] in violation of Pennsylvania law and his failure to report his arrest on these charges. Document No. 20, Cr.A. No. 3:2004-1. However, these charges were withdrawn on October 9, 2002 after the Defendant paid restitution. *Id.* At a revocation hearing on January 17, 2007 before this Court, the Government and the Defendant stipulated that the Defendant committed the conduct set forth in the second petition in regard to the commission of the crimes of Theft by Deception and Forgery; the Government has withdrawn the related allegation that the Defendant failed to report his arrest regarding this conduct. The commission of theft by deception and forgery constitute Grade "B" violations. *See* U.S.S.G. § 7B1.1(a). The Court revokes the Defendant's terms of supervised release at the above-captioned criminal action numbers based upon the petition dated September 8, 2004 and the stipulation of the parties concerning Defendant's conduct. Sentencing related to this revocation will be scheduled. The Court will now address the outstanding issues associated with the first petition.[6]

For purposes of its analysis, the Court notes the following applicable standards for the revocation of a term of supervised release. First, it has been recognized that for purposes of supervised release revocation proceedings, a defendant does not possess "the full panoply of rights" as he would in a criminal trial. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972)(analyzing parole revocations proceedings). Thus, it has been established that a violation of

---

[4] 18 Pa.C.S.A. § 3922.

[5] 18 Pa.C.S.A. § 4101.

[6] A third petition was also previously filed, but eventually dismissed by the Court in its Memorandum Opinion and Order dated December 11, 2006. Document No. 38, Cr. A. No. 3:2004-1.

2

supervised release must be proven by a preponderance of the evidence, rather than the much more rigorous standard of beyond a reasonable doubt. 18 U.S.C. § 3583(e)(3); *U.S. v. Dees*, 467 F.3d 847, 854-855 (3d Cir. 2006). The procedure for revoking a term of supervised release is set forth in Federal Rule of Criminal Procedure 32.1(b). Subsection (b)(2) of that rule sets forth the requirements for a revocation hearing:

> **(2) Revocation Hearing.** Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. The person is entitled to:
>
> **(A)** written notice of the alleged violation;
>
> **(B)** disclosure of the evidence against the person;
>
> **(C)** an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;
>
> **(D)** notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and
>
> **(E)** an opportunity to make a statement and present any information in mitigation.

Federal Rule of Criminal Procedure 32.1. The Federal Rules of Evidence do not apply in supervised release revocation hearings. *See* F.R.E. 1101(d)(3).

The first petition alleges that the Defendant violated a mandatory condition of his term of supervised release, namely: "The defendant shall not commit another federal, state, or local crime." Document No. 2 at Cr.A. No. 3:2004-1. This violation, if proven, is a grade "A" violation of the Defendant's terms of supervised release based upon the crimes of sexual assault and indecent assault. *See* U.S.S.G. § 7B1.1(a). The Government offered a certified copy of the Defendant's state criminal conviction for sexual assault and indecent assault, the Defendant had no objection to it and that copy was admitted as Government Exhibit 4. The Government argues that the evidence of the conviction

3

after a trial by jury is sufficient evidence to demonstrate that the Defendant violated a term of his supervised release by committing these two state crimes. The Defendant disagrees, citing to the case of *U.S. v. Poellnitz*, 372 F.3d 562 (3d Cir. 2004) and arguing that because a plea of *nolo contendere* in Pennsylvania is not evidence of guilt, but only evidence of a conviction, the Defendant's conviction by a jury in Pennsylvania in the case *sub judice* is in no way an admission of guilt by the Defendant, and in the absence of any such admission, *Poellnitz* may be read broadly to conclude that a conviction based upon a jury verdict is not evidence of the Defendant's commission of the conduct alleged.

The Court does not read *Poellnitz* as broadly as the Defendant. The *Poellnitz* court concluded that "as a legal matter consideration of a *nolo contendere* plea as evidence of Poellnitz's *commission* of the underlying crime was improper." *Poellnitz* at 570. The defendant Poellnitz was subject to the same supervised release condition as the Defendant is in the *case sub judice*: not to *commit* another local, state or federal crime. *Poellnitz* at 564. The Third Circuit Court of Appeals analyzed Poellnitz's case and stated:

> In the normal course, one might expect that if the court finds defendant was convicted of a crime, the court may automatically revoke release based on the defendant's commission of the underlying offense. That is not so when it comes to the peculiar legal effect of the plea of *nolo contendere*. While a *nolo* plea is indisputably tantamount to a conviction, it is not necessarily tantamount to an admission of factual guilt.

*U.S. v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004)(citation omitted). The Third Circuit went on to recognize that Pennsylvania law characterizes a *nolo contendere* plea as having the legal effect of a conviction, but without establishing any admission of guilt by a defendant, and therefore a plea of this nature is evidence of a conviction, but not commission of a crime. *Poellnitz* at 567-569.

4

*Poellnitz* does not stand for the proposition that when the Government seeks revocation of a term of supervised release that only convictions resting upon an affirmative admission or plea of guilt by a Defendant can result in revocation. Rather, *Poellnitz* recognizes that "to revoke probation it is not necessary that the probationer be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions." *Poellnitz* at 566 (citing *United States v. Manuszak*, 532 F.2d 311, 317(3d Cir. 1976)). Further, *Poellnitz* is clearly limited to the application of the *nolo contendere* plea in Pennsylvania as the Third Circuit's analysis was directed to the effect of a conviction based upon a *nolo contendere* plea and the fact that such a plea was not an admission of guilt. *Poellnitz* at 566-567. The Third Circuit concerned itself with the factual basis required to revoke a term of supervised release in that a *nolo contendere* plea in Pennsylvania is not an admission of criminal acts alleged, but a submission to the punishment of the court for the wrongdoing alleged. *Poellnitz* at 567-568. The case *sub judice* differs because the Defendant was convicted, not by the act of a *nolo contendere* plea, but by the constitutional process of a criminal trial by jury.

The Defendant was convicted after a jury trial and the conviction has been upheld and is still in force after appeals to the Superior and Supreme Courts of Pennsylvania. The jury acted as the factfinder and applied the applicable Pennsylvania laws to the facts it found resulting in a conviction. No attorney or court can dispute that it is the function of the jury to resolve factual issues at trial and the jury in state court found the Defendant guilty of sexual assault and indecent assault using the standard of proof beyond a reasonable doubt. If the Court were to follow the argument of the Defendant, this Court would not be able to revoke his term of supervised release because he did not admit the facts that constitute the crimes for which he was convicted in state court after a jury trial.

This was not the intended result of *Poellnitz*, nor is it a sound and logical extension of any analysis within *Poellnitz*. The Defendant was found guilty by a jury of his peers in state court; he need not admit to the facts of a crime for him to be found guilty of a crime. The jury finding of guilty of both crimes establishes that Defendant committed the offenses of sexual assault and indecent assault. The jury found him guilty; <u>the jury did not find him *nolo contendere*</u>. Such a finding is not an option for juries in our constitutional system: a jury's decision is either guilty or not guilty. Had the Defendant chosen to plead *nolo contendere* to the crimes for which he was convicted and if such a plea was accepted by the state court, he could rely upon *Poellnitz* for a successful challenge to any revocation proceeding based upon such plea made in a Pennsylvania court where the condition allegedly violated is commission of a crime as opposed to conviction of a crime. However, the Defendant did not plead *nolo contendere*, but was convicted after a jury trial, a finding that could not have occurred unless the jury found the facts before it supported the conclusion that the Defendant committed acts constituting the crimes of sexual assault and indecent assault in Pennsylvania.

The Court will now address whether a pending collateral attack affects the ability of this Court to rely on an outstanding conviction as proof of the Defendant's commission of a crime while on supervised release. The Defendant is apparently pursuing a collateral attack upon his state conviction based upon the failure of his attorney to address his need for accommodations for his hearing impairment. The Government submitted the cases of *U.S. v. Spraglin,* 418 F.3d 479 (5th Cir. 2005); *U.S. v. Huusko,* 275 F.3d 600 (7th Cir. 2001); *U.S. v. Fleming,* 9 F.3d 1253 (7th Cir. 1993) and *Roberson v. Connecticut,* 501 F.2d 305 (2d Cir. 1974) for the proposition that a criminal conviction is a sufficient basis to revoke a term of supervised release based upon commission of a crime even in light of a

pending direct appeal. However, the Court must address a slightly different legal issue: its ability to rely upon the Defendant's convictions to revoke his terms of supervised release, in light of his pending collateral attack, based upon a claim of ineffective assistance of counsel.

Although the Defendant is apparently pursuing a collateral attack upon his state conviction for the failure of his attorney to address his need for accommodations for his hearing impairment, the Court does not believe a pending collateral attack affects the ability of this Court to rely on an outstanding conviction as proof of the Defendant's commission of a crime while on supervised release. In reaching this conclusion the Court examined the cases involving a direct appeal and also considered whether a collateral attack should be viewed differently than a direct appeal for purposes of the issue presented in this case.    The cases of *Roberson* and *Huusko*, as cited by the Government, do not appear to be on point with the issues presently before the Court as they do not specifically concern the basis for a revocation of a term of supervised release. However, from the Court's reading of the cases of *Spraglin* and *Fleming*, a pending direct appeal does not affect the ability of a district court to revoke a term of supervised release by relying upon evidence of a criminal conviction. The Court sees no difference in a criminal conviction that is being attacked collaterally. This is because the result of a successful collateral attack may ultimately be the same remedy that can result from a successful direct appeal: a new trial. The Court understands the Defendant's position that a successful collateral attack may reveal deficiencies in the due process that must be, but was not, accorded the Defendant in the state proceeding. Nevertheless, the Court notes, as the courts in *Spraglin* and *Fleming* did, that the rights accorded a criminal defendant at trial afford greater protection than that required to be afforded by a district court revoking a term of federal supervised release. Particularly, the burden of proof in a

7

supervised release revocation proceeding is markedly lessened from that of beyond a reasonable doubt to a preponderance of the evidence that the Defendant committed the violations alleged.

This Court sees no reason to treat convictions that are subject to a pending direct appeal differently than convictions that are subject to a collateral attack when determining if a conviction can be a basis to revoke a term of supervised release for the violation of the condition not to commit a crime. This Court also agrees with the courts in *Spraglin* and *Fleming* that it would be "duplicative and wasteful" to require submission of evidence of the commission of a crime when evidence of a conviction exists for that crime; although it is subject to a pending collateral attack, evidence of a criminal conviction meets the requirement to prove the violation of the supervised release condition relating to commission of a crime by preponderance of the evidence.

For these reasons, the Court finds that the Defendant did violate a condition of his term of supervised release in that he committed the Pennsylvania state crimes of sexual assault and indecent assault and therefore, his term of supervised release is revoked at both of the above-captioned criminal action numbers with sentencing to be scheduled.

Although the Court has decided these issues based upon the evidence of the convictions, for the sake of completeness, the Court will address the Defendant's objection to admission of the transcript of the state criminal trial testimony of Jonathan O'Neill, the victim of the crimes for which the Defendant was convicted.

The Government, as an alternative to its submission of a certified conviction of the defendant in the Court of Common Pleas of Allegheny County, Pennsylvania, has submitted the transcript of the

8

criminal jury trial of the Defendant, to support the allegation that the Defendant violated a term of his supervised release. The Defendant objected to the admission of the transcript as to the testimony of the victim only as he believes the cold transcript does not suffice to satisfy his right to examine an adverse witness in court in accordance with FED.R.CRIM.P. 32.1. The Government offered as its reason for the admission of the transcript the interest not to "re-litigate" the state prosecution of the Defendant during the revocation hearing. Later in the proceeding, the Government again offered the transcript for purpose of proving that an inconsistent statement was made by the Defendant before this Court by means of comparing that testimony to the testimony in Government Exhibit 5.

In determining whether to admit hearsay testimony of a witness rather than requiring the live testimony of that witness at a revocation hearing, courts apply a balancing test in which the defendant's right to confrontation is weighed against the Government's "good cause for denying it." FED.R.CRIM.P. 32.1, advisory committee's note; *see also U.S. v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006)(requiring "good cause" to deny right of confrontation if proffered hearsay is not "admissible under an established exception to the hearsay rule."(citation omitted)); *U.S. v. Rondeau*, 430 F.3d 44, 48 (1st Cir. 2005); *U.S v. Taveras*, 380 F.3d 532, 536 (1st Cir. 2004); *U.S. v. Martin*, 382 F.3d 840, 844-845 (8th Cir. 2004). The advisory committee's note to Rule 32.1 states in pertinent part:

> Rule 32.1(b)(1)(B)(iii) and Rule 32.1(b)(2)(c) address the ability of a releasee to question adverse witnesses at the preliminary and revocation hearings. Those provisions recognize that the court should apply a balancing test at the hearing itself when considering the releasee's asserted right to cross-examine adverse witnesses. The court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it. *See, e.g. Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *United States v. Comito*, 177 F.3d 1166 (9th Cir. 1999); *United States v. Walker*, 117 F.3d 417 (9th Cir. 1997); *United States v. Zentgraf*, 20 F.3d 906 (8th Cir. 1994).

9

Our research reveals that the Court of Appeals for the Third Circuit has yet to issue an opinion on this matter.

Accepting Rule 32.1 advisory committee's note, as well as the use by the First, Second and Eighth Circuits of the note's balancing test as guidance, the Court will balance the Government's interest in using the transcript versus the Defendant's interest in confrontation.

The Court understands the Government's position to be that re-litigating the state criminal prosecution, specifically, to re-examine the complaining witness O'Neill, would essentially duplicate the efforts taken by the state prosecutor. The Defendant believes that O'Neill had motivations of obtaining the Defendant's job or realizing some other monetary gain from making criminal accusations against the Defendant (additionally, the Defendant believes certain medical evidence supports his contention that he never committed sexual assault or indecent assault). It is clear that Mr. O'Neill was examined and cross-examined during the state prosecution of the Defendant. The Court also notes that the Defendant's counsel pointed out to the Court the previously transcribed testimony of O'Neill's mother in support of the argument that O'Neill was untruthful with respect to the incident in question. *See* Government Exhibit 5, p. 135. Furthermore, defense counsel referred again to the transcript in support of the argument that O'Neill's allegations never occurred because Dr. Richard Wadas, who examined O'Neill after the alleged incident, did not find "blood" or "trauma" during his examination of O'Neill. Defendant's position is that Defendant's confrontation of O'Neill is necessary as the circumstances of the alleged incident depend upon the credibility of O'Neill and the Defendant, who did testify before this Court.

The Court does not see the value of re-examining another witness from the state criminal trial,

in addition to the Defendant. The Defendant has testified before this Court and the Defendant would like the complaining witness to be examined before this Court. While the Defendant's federal counsel was not the defense counsel in the state prosecution, the Court notes that this alone would not suffice to support the right to confront again a previously examined witness, whose testimony was duly recorded. Moreover, just because a defendant's state trial ended in conviction, a defendant is not entitled to attempt to re-examine the complaining witness in this federal proceeding, even in light of claims of ineffective assistance of counsel. Finally, the Court notes the Defendant uses as support for his argument portions of the state trial transcript from other duly sworn and competent witnesses who already testified, but would have the Court preside over a second examination, in a supervised release revocation proceeding, of a complaining witness from the state criminal prosecution. To single out the Defendant and the complaining witness from the state criminal prosecution for purposes of having this Court engage in an exercise of judging the credibility of the two appears to be a selective recognition of the credibility of trial witnesses. Therefore, the Court finds that the interests of justice are served in admitting Government Exhibit 5, and not requiring O'Neill to be confronted by the Defendant through live testimony through a resumption of the revocation hearing before this Court. Government Exhibit 5 is admitted into the record and the record is closed.

After review of the state trial transcript, the Court concludes that the testimony therein, along with the other exhibits offered by the Government and the Defendant demonstrate by a preponderance of the evidence that the Defendant did violate the condition of his supervised release that commanded him "not [to] commit another federal, state or local crime." Specifically, the Defendant committed the crimes of sexual assault and indecent assault against Jonathan O'Neill on September 9, 2002, in

11

violation of Pennsylvania law. Therefore the Court also revokes the Defendant's terms of supervised release based upon this evidence.

An appropriate Order follows.

AND NOW, this 26th day of January, 2007, this matter coming before the Court on the Government's Petition on supervised release dated November 25, 2003 (Document Nos. 2 at Criminal Action No. 3:2004-1 and 37 at Criminal Action No. 3:1992-2) and supplemental petition on supervised release dated September 8, 2004 (Document Nos. 20 at Criminal Action No. 3:2004-1 and 56 at Criminal Action No. 3:1992-2), and after a hearing thereon, IT IS HEREBY ORDERED THAT the Defendant's terms of supervised release at Criminal Action No. 3:2004-1 and at Criminal Action No. 3:1992-2 are hereby REVOKED for the commission of the crimes of sexual assault/indecent assault and theft by deception/forgery in violation of Pennsylvania state law as set forth in the respective petitions on supervised release. Sentencing for the Defendant shall be scheduled in a separate order.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE